UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON LEE HAYWOOD,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTINI,<br><br>Defendant. | Case No. 2:25-cv-1794-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against correctional officer Scottini. ECF No. 1. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in July 2022, while he was in the Ad-Seg building at California State Prison, Sacramento, defendant Scottini took plaintiff's legal mail, refused to sign it in front of plaintiff, and gave the mail back.[1] ECF No. 1 at 3. Plaintiff further alleges that "my civil lawsuits had time restraints and could [have] been dismissed."[2] *Id.*

The complaint fails to state a claim. Prisoners "have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *see also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (prison officials' policy of "inspect[ing] the contents of all incoming and outgoing

---

[1] It is unclear whether plaintiff is alleging that defendant gave the legal mail back to plaintiff or back to an unidentified person.

[2] The court presumes this allegation is referencing the legal mail at issue.

1 legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on
2 the constitutional right to petition the government).  At most, plaintiff alleges that defendant took
3 plaintiff's legal mail, did not sign it, and handed it back to plaintiff or another person.  There is no
4 allegation that defendant opened or read the mail.

5       If plaintiff is attempting to allege an access to courts claim, then that claim would also
6 fail.  In order to allege a First Amendment access-to-courts claim, plaintiff must allege that he
7 suffered an actual injury as a result of the destruction of his legal material.  *See Lewis v. Casey*,
8 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires the plaintiff to show that the
9 defendant's conduct caused actual injury to a non-frivolous legal claim).  Here, plaintiff alleges
10 that he could have missed a deadline for a civil suit; he does not allege that he did miss a deadline
11 because of defendant's action.

12       As for plaintiff's reference to a Fourteenth Amendment claim, there are no allegations to
13 support such a claim.  There is no allegation that defendant intentionally treated plaintiff
14 differently from others who were similarly situated without a rational basis, *see N. Pacifica LLC*
15 *v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), or intentionally discriminated against him
16 on the basis of his membership in a protected class, *see Thornton v. City of St. Helens*, 425 F.3d
17 1158, 1166 (9th Cir. 2005).  The allegation that plaintiff was temporarily deprived of his property
18 also fails to state a due process claim because he has an adequate post-deprivation remedy.  *See*
19 *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (prisoner failed to state due process claim
20 for deprivation of property because California law provides an adequate post-deprivation
21 remedy).

22       Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
23 plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If
24 plaintiff decides to file an amended complaint, the amended complaint will supersede the current
25 one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means
26 that the amended complaint will need to be complete on its face without reference to the prior
27 pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no
28 longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will

need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   July 31, 2025                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE