UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMERON LEE HAYWOOD,

        Plaintiff,

    v.

SCOTTINI,

        Defendant.

Case No.  2:25-cv-1794-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this section 1983 action alleging that defendant Scottini violated his First and Fourteenth Amendment rights.  ECF No. 9.  Defendant has moved revoke plaintiff's *in forma pauperis* ("IFP") status and dismiss the case, arguing that plaintiff materially and in bad faith misrepresented his income on his IFP application.  ECF No. 17.  Plaintiff has filed an opposition, ECF No. 20, and defendants have filed a reply, ECF No. 21.  After review of the pleadings, I find that plaintiff misrepresented his income in bad faith and recommend that this action be dismissed.

A court may dismiss an IFP case if it determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  Inaccuracy in an IFP application is not, standing alone, sufficient to justify dismissal of a lawsuit.  Rather, the application must have been created in bad faith.  *See*

1

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).  If the court declines to find bad faith but does find that plaintiff's allegation of poverty was untrue, a lesser sanction may be appropriate, such as a revocation of IFP status.  *See Witkin v. Lee*, 2020 U.S. Dist. LEXIS 86104, at * 7 (E.D. Cal. May 15, 2020).

Plaintiff filed this case on June 26, 2025, ECF No. 1, and moved to proceed *in forma pauperis* at the same time, ECF No. 2.  In his application, he represented that, in the past twelve months, he had not received any money from any sources.  *Id.* at 1.  However, in November 2024, he received a five-thousand-dollar settlement.  *See Haywood v. Okeke*, No. 3:24-cv-3685-VC (N.D. Cal. 2005) at ECF No. 20-1 at 3, 16.  In his opposition, plaintiff does not address or dispute this, but generally argues that he has had issues with legal mail and that, at the time this action was filed, he did not have the funds to pay the filing fee.  ECF No. 20 at 1-2.  The IFP application asks not only whether the applicant is indigent at the moment of its filing, however.  Instead, it inquires after his twelve-month financial history.  ECF No. 2 at 1.  And, in signing the application in this case, plaintiff declared under penalty of perjury that all the information provided was correct.  Plaintiff cannot plausibly argue that he simply forgot or inadvertently omitted such a substantial windfall.

Notably, plaintiff has a history of dishonesty in his IFP applications.  Defendants have provided court documents showing that other cases he has filed have been dismissed for filing a trust fund account statement with purposefully omitted transactions and a forged official signature.[1]  ECF No. 17-2 at 10-11, 19-20, 28-29.

And, even if this evidence of fraud in other cases did not exist, I would still find that plaintiff's omission on his IFP application in this case was made in bad faith.  Again, he offers no explanation or justification for the glaring omission of the settlement funds from his application.  And plaintiff is an experienced litigator who cannot reasonably plead ignorance of the IFP application process.  A review of the court's records show he has filed six cases in this district and, as noted above, he has filed other cases in the Norther District of California.  "To determine

---

[1] I take judicial notice of these court records.  *See Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967).

2

whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Vann v. Comm'r of the N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d. Cir. 2012).  I find that plaintiff's *in forma pauperis* application was created in bad faith and dismissal of this action is appropriate.  The lesser sanction of simply revoking his IFP status and asking him to the pay filing fee is an insufficient sanction.  To hold otherwise invites a kind of "nothing to lose" proposition for dishonest IFP applicants where, if their dishonesty is ultimately revealed, they are no worse off than any applicant who, being truthful, is determined to be ineligible for IFP status.

Accordingly, it is ORDERED that:

1.      The Clerk of Court shall assign a district judge to this action.

2.      Defendants' motion for extension of time, ECF No. 18, is DENIED without prejudice as moot.  He may, if necessary, renew it if these recommendations are not adopted.

Further, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 17, be GRANTED and this action be dismissed for the reasons stated in these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 29, 2026                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

3